UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRED CHISOM,<br><br>               Plaintiff,<br><br>    v.<br><br>JOHN DOE,<br><br>               Defendant. | Case No. C05-5354RBL<br><br>REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>Noted for August 14, 2005 |

    This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. To file a complaint and initiate legal proceedings, plaintiff must pay a filing fee of $250.00 or file a proper application to proceed *in forma pauperis*.

    Because he has had three prior civil actions dismissed as frivolous or for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2), plaintiff now is prohibited by 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* in this action. Accordingly, the court should deny plaintiff's application to proceed *in forma pauperis*.

## DISCUSSION

    The court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an

REPORT AND RECOMMENDATION
Page - 1

application to proceed *in forma pauperis*. <u>Weller v. Dickson</u>, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

Pursuant to 28 U.S.C. § 1915(e)(2):

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

In addition, under 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On May 19, 2005, the clerk received plaintiff's complaint. (Dkt. #1). On June 13, 2005, plaintiff filed an application to proceed *in forma pauperis*. (Dkt. #3). As discussed below, however, plaintiff has had three prior civil actions dismissed as frivolous or for failure to state a claim.

On September 2, 1997, the court dismissed plaintiff's civil rights action against the King County Jail pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. <u>Chisom v. King County Jail, et al</u>, C97-00420TSZ (Dkt. #10). On August 10, 2004, the court dismissed plaintiff's civil rights complaint against various Department of Corrections officials pursuant to 28 U.S.C. § 1915(e) as frivolous. <u>Chisom v. C/O Belshaw, et al</u>, C04-5318RBL (Dkt. #17).

Finally, on March 2, 2005, the court dismissed plaintiff's civil rights claim against the Clallam Bay Corrections Center Property Room for failure to state a claim. <u>Chisom v. Clallam Bay Corrections Center Property Room</u>, C04-5585RBL (Dkt. #14). In each of these cases, furthermore, the court counted the dismissal of plaintiff's civil action as a dismissal for purposes of 28 U.S.C. § 1915(g). In addition, plaintiff has made no showing that he is under imminent danger of serious physical injury.

## CONCLUSION

Because plaintiff already has three prior civil actions that have been dismissed as frivolous or for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2), the undersigned recommends the court deny his

application to proceed *in forma pauperis* in this case under 28 U.S.C. § 1915(g). Accordingly, the undersigned also recommends the court dismiss plaintiff's complaint unless he pays the required $250.00 filing fee **within thirty (30) days** of the court's order.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **August 12, 2005**, as noted in the caption.

Dated this 15th day of July, 2005.

Karen L. Strombom
United States Magistrate Judge